# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ROBERT L. WATKINS,**

     **Plaintiff,**

**vs.**                     **Case No.  4:22cv135-AW-MAF**

**CAPITAL CITY BANK,**
**CAPITAL CITY BANK GROUP,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a not a prisoner and resides in Aiken, South Carolina.  ECF No. 1.  He submitted a complaint to this Court on March 28, 2022, but did not pay the filing fee or file an in forma pauperis motion.  An Order was entered on April 4, 2022, directing Plaintiff to do one or the other if he wanted to proceed with this case.  ECF No. 3.  Plaintiff's deadline for compliance was May 2, 2022, and he was warned that if he failed to comply, a recommendation would be made to dismiss this case.  *Id.*

Furthermore, Plaintiff was also required to submit an amended complaint because the original complaint, ECF No. 1, was insufficient as

filed.  ECF No. 3.  Plaintiff's initial complaint did not clearly identify any specific claims against the Defendants, allege that a federal statute was violated, state when any event was committed, or allege facts which reveal a basis for naming the Defendants.  Finally, Plaintiff was advised that any claims based on events from 1990 will be barred by the statute of limitations.  *Id.*

In response to that Order, Plaintiff submitted two separate documents.  ECF Nos. 4-5.  Neither document is responsive to the prior Order.  Further, attached to Plaintiff's second response was an Order from the Eleventh Circuit Court of Appeals which indicates Plaintiff previously brought an action against the Defendant Capital City Bank.  ECF No. 5 at 14.

Nevertheless, the crucial deficiency is that Plaintiff did not pay the filing fee or submit an in forma pauperis motion.  He was warned that he must do so or this case could not proceed.  ECF No. 3.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No.

Case No. 4:22cv135-AW-MAF

3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The

Court has inherent power "to dismiss sua sponte for lack of prosecution" as

courts must necessarily have authority "to manage their own affairs . . . . "

Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed.

2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d

1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore,

the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an

extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of

discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is

within this Court's discretion and "inherent authority" to dismiss this case

for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912,

915 (11th Cir. 2011) (stating it "was within the district court's discretion to

dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11

and 41(b) or under its inherent authority").  Here Plaintiff was forewarned

and did not pay the filing fee or file an in forma pauperis motion.  Dismissal

is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2022.


 S/    Martin A. Fitzpatrick                    
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**